**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COLLEGE DEMOCRATS AT THE UNIVERSITY
OF MICHIGAN, et al.,

      Plaintiffs,

v.                                                      Case No. 18-12722

RUTH JOHNSON and SALLY WILLIAMS,

      Defendants.
                                                   /

**ORDER SETTING PRELIMINARY INJUNCTION HEARING AND SCHEDULING
DEADLINES FOR SUBMISSIONS**

Plaintiffs initiated this action on August 30, 2018, challenging certain of Michigan's election and voter registration statutes, Public Act 118 and MCL § 168.509t(2), which require, respectively, that a voter's residence for voter registration purposes match the address listed on the voter's Michigan driver's license and that first-timers appear to vote in person. (Dkt. #1, PageID 2–3.) Plaintiffs argue that these laws have the effect of disenfranchising college students and violate the First, Fourteenth, and Twenty-Sixth Amendments. Plaintiffs Amended their Complaint on September 7, 2018, and the next day filed a Motion for Preliminary Injunction. They also filed a Motion for Expedited Briefing and Consideration, which the court denied on September 14, 2018. The court found that "Plaintiffs' requested briefing schedule—four days to research and respond to Plaintiffs' voluminous papers—would place Defendants at a palpably obvious and fundamentally unfair disadvantage." (Dkt. # 18, Pg. ID 899.) The court noted that Plaintiffs had obviously expended significant time to thoroughly and carefully construct a complaint and motion with numerous exhibits and reports, but had waited until the proverbial eleventh hour to initiate their action, which had the effect of

rushing both the Defendants and the court to address an unusually complex and novel set of legal issues.

With no apparent explanation for the delay in filing, the court held that the briefing for the preliminary injunction motion would not be expedited, but would instead follow the deadlines set by the local rules. Because this schedule would require that briefing would not be complete until October 15, at the earliest, well after the deadline for voter registration, and only a few weeks before the general election, the court was inclined to view Plaintiffs' request for a *preliminary* injunction, was effectively mooted through lack of sufficient time for response, reply, hearing, analysis, and decision. The court communicated as much in its order, but set a scheduling conference with the parties to further discuss the issue.

Counsel for the parties appeared on September 20, 2018, for a status and scheduling conference, in which Plaintiffs posited that there was time for the court to, potentially, review the briefing and make a decision affording them some relief (assuming they were to prevail). The court was, and is, dubious that there is sufficient time before the election to reach an informed decision, even preliminarily, due to the timing and volume of Plaintiffs' complaint, motion, and attachments. However, Plaintiffs provisionally offered to narrow the motion's purview, and cut short their time period to file a reply. Plaintiffs stressed their desire for a definitive ruling on at least the first-time-in-person portion of the preliminary injunction motion.

As such, the court will set a briefing schedule and will endeavor to rule as expeditiously as possible.

The court will conduct a hearing on the motion for Preliminary Injunction on **October 19, 2018, at 9:30 AM** in Courtroom 1080, at the Federal Courthouse in Detroit, Michigan**.**

Two hours are normally allocated for the proceedings on that date; the court sets this date for hearing assuming that no testimony is contemplated. Such hearings are often comparable to non-jury trials, and counsel are thus directed comply with the following instructions:

**1)** **PLAINTIFFS' COUNSEL TO CONVENE FIRST MEETING**

a) Plaintiffs' counsel must convene a meeting of all attorneys, as soon as practical, to discuss and resolve the issues noted herein. Such meeting may be by telephone or electronically if all purposes of this order can be effectively dealt with through such means.

b) Plaintiffs' counsel must specifically inform Defendants as soon as possible whether Defendants should focus *solely* on the first-time voter provisions, or if Defendants must also brief the requirement that the driver's license address match the voter registration address. Given that Plaintiffs are stressing urgency, they should not delay in communicating their position to Defendants.

**2)** **EXHIBITS: Examining, Pre-marking and Listing:**

a) Counsel must identify in separate lists and exchange with opposing counsel each exhibit and each deposition proposed as a hearing exhibit.

b) Counsel must promptly notify each other of any objections to the admissibility of a proposed exhibit and the basis of the objection.

c) Agreed-upon exhibits and depositions shall be considered admitted at the outset of the hearing.

d) All exhibits must be marked **by counsel** in advance of the hearing. Plaintiffs ordinarily will use exhibit numbers beginning with 101, and Defendants with 501.

3) **FILING OR SUBMITTING TO CHAMBERS STIPULATED EXHIBITS, DEPOSITIONS, TRIAL BRIEFS AND OTHER MATTERS**

a) Counsel for Plaintiffs, **not later than October 12, 2018**, shall:

i. file a joint list of exhibits and depositions ("Joint Exhibit List"). Each exhibit and each deposition that is not agreed to by the parties must be followed by a notation near the right margin of the page entitled "Objection"; this notation shall be followed by a brief statement describing the nature or basis of the opposing party's objection;

ii. file a joint statement of counsel concerning the suitability of consolidation of the hearing and trial under Rule 65(a)(2)[1] ("Rule 65(a)(2) Statement"); and explaining any purported right to a jury trial.

iii. submit to the court (but do not file) copies of the exhibit ts themselves, unless bulk or other considerations make such

---

[1] In a case where a permanent injunction is sought which is essentially a mirror of the preliminary injunction, counsel must discuss and recommend to the court the suitability of consolidating the hearing on the preliminary injunction with the trial on the merits of the application for permanent injunction, pursuant to Federal Rule of Civil Procedure 65(a)(2).

submission impractical, and copies of the agreed-upon deposition testimony identified in the listing ordered above.

    b)    Each party must file not later than **October 12, 2018**:

        i.    a "Hearing Brief," which shall NOT contain additional argument but shall include separately numbered proposed findings of fact[2] and a set of proposed conclusions of law; and

        ii.    a list of the witnesses that each party intends to call, with a brief statement of the proposed testimony (one or two sentences) and an estimate of the time to be consumed in direct and cross examination of each witness.

---

[2] Counsel should try to agree on the significant facts. Please attempt to construct a consolidated set of findings of fact in the following manner:

- The proponent of the motion prepares separately-numbered proposed findings of fact and transmits them on paper and electronically to opposing counsel **by October 3, 2018.**

- Opposing counsel will agree, as appropriate, with each proposed fact, or disagree and propose an alternate, related fact in substitution for the fact with which counsel disagreed, and opposing counsel should propose additional facts as necessary; this reaction is then transmitted on paper and electronically to proponent of the motion **by October 9, 2018**.

- The proponent of the motion will then react to the additional proposed facts electronically and on **by October 12, 2018**.

- The final product can then be submitted to the court in a consolidated form electronically, and on paper.

This procedure will avoid having the parties independently drafting proposed facts, many of which are undisputed yet repeated in both versions.

Finally, IT IS ORDERED that Defendants' brief in response to Plaintiffs' Motion for Preliminary Injunction shall be filed no later than **October 1, 2018**, and that Plaintiffs' Reply shall be filed no later than **three days** after Defendants' Response is filed.

As stated above, the court anticipates a hearing on the motion for Preliminary Injunction on **October 19, 2018, at 9:30 AM** in Courtroom 1080, at the Theodore Levin United Sates Courthouse, in Detroit, Michigan**.**

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 21, 2018, by electronic and/or ordinary mail.

s/William Barkholz for Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522